UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 21-250 |
| HIDEAWAY VILLAGE COMMUNITY MANAGEMENT ASSOCIATION, RUSSELL COLLINS, MIKE OAKLEY, and NELLY OAKLEY, | ) |
| Defendants. | ) |

# **COMPLAINT**

The United States alleges as follows:

1. This is a civil action brought by the United States to enforce the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.* This action is brought under 42 U.S.C. § 3612(o) on behalf of Bowden Atkins III and Jennifer Atkins ("Complainants" or "Atkinses"), and their children, Persephone P. Atkins and D.G.

## **JURISDICTION AND VENUE**

2. This court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o).

3. Venue is proper under 28 U.S.C. § 1391(b) because the actions or omissions giving rise to the United States' claims occurred in the Eastern District of Tennessee.

## PARTIES AND PROPERTY

4. Complainants Bowden Atkins III and Jennifer Atkins reside at 5733 Hideaway Trail, Tallassee, Tennessee ("subject property"), in the Hideaway Village community in Blount County, Tennessee. Complainant Bowden Atkins III purchased the subject property in July 2016.

5. Defendant Hideaway Village Community Management Association ("Association") manages the amenities and common use areas in the Hideaway Village community, including a pool that is only accessible to Association members. The Association has managed the Hideaway Village community since at least 1997.

6. Defendant Russell Collins is a member of the Association and at all times relevant to the allegations of this Complaint was the President of the Association's Board of Directors.

7. Defendant Mike Oakley is a member of the Association and at all times relevant to the allegations of this Complaint was a member of the Association Board of Directors.

8. Defendant Nelly Oakley is a member of the Association and at all times relevant to the allegations of this Complaint was responsible for beautification on behalf of the Association.

9. The subject property is covered by the rules and regulations of the Association.

10. The residential homes and the associated common use areas in the Hideaway Village community are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

11. The Atkinses are the parents of Persephone P. Atkins, 18 years of age, and D.G., 16 years of age.

12. The Atkins family moved into the subject property in August 2016. At that time, Persephone Atkins was 14 years of age and D.G. was 11 years of age. At all times relevant to this Complaint, both children were experienced swimmers.

13. In June and July of 2016, the Atkinses were shown the subject property by realtor Nola Collins, a member of the Association community and the wife of Russell Collins, President of the Association's Board of Directors.

14. When the Atkinses were searching for a home to purchase, they told Nola Collins that they wanted to purchase a home with a pool. While showing the subject property to the Atkinses, Ms. Collins told the Atkinses that their children could swim in the community pool "any time they wanted," and that living in the Hideaway Village community was "just like having your own pool," or words to that effect. The Atkinses relied on Ms. Collins' representation when they decided to purchase the subject property.

15. Residents of the Hideaway Village community are required to be members of the Association. At the time Bowden Atkins purchased the subject property, membership in the Association cost a one-time fee of $500, and $275 per year thereafter.

16. At all times relevant to the Complaint, the Association has maintained a community pool for the use of its residents. A fence surrounds the pool area and access to the area is restricted by a gate that is staffed by Association officers or their agents or employees.

17. Throughout the time that the Atkinses have lived at the subject property, up to around April 2021, the Association implemented and enforced written "Pool Rules" regarding access to the pool area and the use of the pool. Rule 3 of the "Pool Rules" states that "minors must be accompanied by a parent" in order to enter the pool area and use the pool. The "Pool Rules" also state that "[f]ailure to comply with the pool rules is subject to loss of pool use [as]

determined by the board or [sic] directors (HVCMA)." The Association requires residents to sign a statement indicating that they have read and agree to the Pool Rules before they are permitted to use the pool.

18. At all times relevant to the complaint, the Association has maintained a sign at the pool consistent with the rules described above in paragraph 17. The sign says, in pertinent part, "minors must be accompanied by a parent."

19. In Tennessee, the age of majority is 18 years. Thus, anyone under 18 is considered to be a "minor" under the Pool Rules.

20. On July 22, 2017, at the annual Association community meeting, Board member Mike Oakley stated that the Pool Rules applied to anyone under the age of 18.

21. The Atkinses were given a contract to join the Association and a copy of the Association's "Pool Rules" during the closing of the purchase of the subject property. However, no one directed their attention to or otherwise discussed the restriction on minors using the pool during the closing.

22. On at least two occasions, the Atkins children, Persephone and D.G., attempted to use the community pool without their parents, but were turned away by adult representatives of the Association at the pool because they were not accompanied by a parent.

23. For example, on August 1, 2016, the day the Atkinses moved in to the subject property, they sent Persephone and D.G. to the pool so that they would not be in the way of the movers. When the children attempted to enter the pool area, Jan Turner, Treasurer of the Association, and her husband John Turner, responsible for pool maintenance for the Association, told the children that they could not be at the pool without their parents and instructed them to leave.

24. On or about August 4, 2016, the Atkins children again attempted to access the pool without their parents, and again the Turners instructed them to leave. Jennifer Atkins went to the pool to discuss the incident with the Turners. During the discussion, the Turners told Ms. Atkins about the pool rule that minors could not use the pool without parental supervision, and showed her a sign with the pool rules posted at the pool. This was the first time that the Atkinses became aware of the Association's rule restricting access to and use of the pool by minors.

25. On or about August 6, 2016, Bowden Atkins asked Russell Collins about the pool rule. Mr. Collins told Mr. Atkins, incorrectly, that the pool rule had been implemented due to the terms of the Association's insurance policy. As Mr. Collins later acknowledged at an Association meeting in July 2017, nothing in the Association's insurance policy required the pool rule.

26. On or about April 29, 2017, Jennifer Atkins approached Russell Collins and offered to sign a liability waiver so that the children could use the pool without parental supervision during the Atkinses' work hours. Mr. Collins refused her offer, stating that Tennessee law restricted minors from accessing the pool without parental supervision.

27. Russell Collins' statement to Jennifer Atkins that Tennessee law restricted minors from using the pool without parental supervision was incorrect. At all times relevant to this Complaint, the State of Tennessee has had regulations for use of pools owned by multi-family residential homeowner associations. *See* "Rules of Tennessee Department of Health," Chapter 1200-25-1. These regulations do not include a minimum age limit at which minors can swim without adult supervision at a pool owned by a multi-family residential homeowner association.

28. In or about May 2017, D.G., who was then 12 years old, went to the pool to meet a friend. D.G. and his friend were planning to enter the pool with the friend's grandfather.

While D.G. was waiting just outside the pool for his friend and the friend's grandfather, John Turner approached D.G. and told him he was not permitted to use the pool without an adult present. Jennifer Atkins, who was waiting nearby in her car for the friend and the friend's grandfather to arrive at the pool, called Mr. Turner over to ask what he had said to D.G., and Mr. Turner told her. Ms. Atkins asked Mr. Turner to address any concerns to her husband or her.

29. On or about June 10, 2017, Jennifer Atkins, Persephone and D.G. were swimming at the pool. While they were at the pool, Defendant Mike Oakley, a member of the Association's Board of Directors, and his wife, Defendant Nelly Oakley, responsible for beautification on behalf of the Association, approached Ms. Atkins and her children. The Oakleys accused Ms. Atkins, who was thirty-years-old at the time, of being a minor and demanded that she and her children leave the pool immediately. When Ms. Atkins identified herself as the mother of the children and stated she was complying with the Association's policy by accompanying her children to the pool, the Oakleys demanded that Ms. Atkins produce her driver's license and her birth certificate to verify her age. Ms. Atkins refused, and she and her children left the pool.

30. On or about June 12, 2017, Bowden Atkins called Defendant Russell Collins to discuss the incident involving the Oakleys, and to explain that the pool rule violated the Fair Housing Act. Mr. Collins told Mr. Atkins that Mr. Oakley was a member of the Board and stated that the Fair Housing Act "doesn't apply up here" and that the rule "would never change," or words to that effect. Mr. Collins also advised Mr. Atkins that the pool would be shut down if Mr. Atkins pursued the issue. At the end of the phone call, Mr. Collins agreed to have a discussion about the pool rule at the upcoming annual Association community meeting in July 2017.

31.     On or about June 14, 2017, the Atkinses retained an attorney to represent and advise them in their attempts to persuade the Association's Board to change the pool rule. On June 22, 2017, the Atkinses' attorney sent the Association's Board a letter advising that the pool rule violated the Fair Housing Act, and requesting that the Association change the discriminatory pool rule and remove the discriminatory language from the pool signs. The Association never responded to the letter.

32.     On July 22, 2017, at the annual Association community meeting, Bowden Atkins discussed the pool rule and explained that it was overly restrictive in violation of the Fair Housing Act. While he was speaking, several attendees interrupted him, making statements in opposition to a rule change. For example, one attendee stated that the FHA did not apply to their community. Another attendee stated that the rule was instituted for safety reasons and had been in place "for decades," or words to that effect. After only six minutes of discussion, Defendant Collins stated that the Association's Board's attorney had instructed the Board not to discuss the matter further.

33.     On January 3, 2018, having received no response to the Atkinses' June 14, 2017, letter, the Atkinses' attorney sent the Association's Board a follow-up letter regarding the Fair Housing Act violation. The Association never responded to this letter.

34.     On March 1, 2018, having received no response to the January 3, 2018, letter, the Atkinses filed a lawsuit in the Circuit Court for Blount County, Tennessee against the Association, alleging that the pool rule violated the Fair Housing Act.

35.     Defendants never permitted Persephone Atkins to use the pool without adult supervision prior to turning 18 years of age. Until around April 2021, Defendants never permitted D.G. to use the pool without adult supervision.

7

36. The Association's pool rule prevented the Atkins family from having full use and enjoyment of their residence.

37. These restrictions on minors' use of the pool are not narrowly tailored to further a legitimate nondiscriminatory purpose, such as reasonable health and safety concerns.

38. At all times relevant to the complaint, no state or local law or regulation required the Association to impose these restrictions on minors' use of its pool.

39. The Association has not tailored its pool restrictions to swimming ability. The Association's pool rule would allow adults to use the pool even if they could not swim, while barring strong swimmers under age 18—even certified lifeguards—from the pool unless accompanied by adults. At all times relevant to the complaint, Blount County, where the subject property is located, has allowed minors age 15 or older who demonstrate requisite swimming skills to obtain lifeguard certification, thus making them eligible to supervise and guard both children and adults in pools.

## HUD COMPLAINT AND CHARGE OF DISCRIMINATION

40. On August 29, 2018, the Atkinses timely filed a housing discrimination complaint with HUD on behalf of themselves and their minor children, pursuant to the Fair Housing Act, 42 U.S.C. § 3610(a), alleging that the Association discriminated against them and their minor children on the basis of familial status in violation of Sections 804(b) and 804(c) of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619.

41. On January 27, 2020, the Atkinses amended their HUD complaint to include Russell Collins, Mike Oakley, and Nelly Oakley as individual Respondents.

42. Pursuant to 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and

8
Case 3:21-cv-00250-DCLC-DCP   Document 1   Filed 07/09/21   Page 8 of 12   PageID #: 8

prepared a final investigative report. Based on the information gathered in the investigation, the Secretary determined, pursuant to 42 U.S.C. § 3610(g)(1), that reasonable cause existed to believe that illegal discriminatory housing practices had occurred, including violations of 42 U.S.C. §§ 3604(b) and (c). Therefore, on or about September 29, 2020, the Secretary issued a Charge of Discrimination, under 42 U.S.C. § 3610(g)(2)(A), charging the Association, Russell Collins, Mike Oakley, and Nelly Oakley with engaging in discriminatory practices on the basis of familial status in violation of the Fair Housing Act.

43. On October 19, 2020, the Atkinses elected to have the claims resolved in a civil action, pursuant to 42 U.S.C. § 3612(a).

44. On October 20, 2020, a HUD Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding.

45. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

46. The United States and Defendants have executed a series of agreements extending the applicable statute of limitations deadline for filing any cause of action under the Fair Housing Act to July 9, 2021.

## CLAIM FOR RELIEF

47. The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-42.

48. By their conduct described above, the Defendants have:

    a. Discriminated in the terms, conditions, or privileges of sale or rental of a dwelling because of familial status, in violation of 42 U.S.C. § 3604(b); and

b.  Made, printed, published, or caused to be made, printed, or published statements with respect to the sale or rental of a dwelling that indicated a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

49. Bowden Atkins and Jennifer Atkins and their children are "aggrieved persons" as defined in 42 U.S.C. § 3602(i). They have suffered damages as a result of Defendants' conduct.

50. The Defendants' conduct was intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that Defendants' discriminatory policies and practices, as alleged above, violate the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.;

2. Enjoins Defendants, their representatives, agents, employees, successors, and all others in active concert or participation with any of them from:

    (a) Discriminating against any person on the basis of familial status in violation of the Fair Housing Act in any aspect of the sale or rental of a dwelling;

    (b) Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

(c) Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the Defendants' unlawful practices; and

3. Awards such monetary damages, pursuant to 42 U.S.C. §§ 3612(o)(3), and 3613(c)(1), as would fully compensate Complainants.

The United States further prays for such additional relief as the interests of justice may require.

Dated: July 9, 2021

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division


 s/ Patricia O'Beirne
SAMEENA SHINA MAJEED
Chief
TIMOTHY J. MORAN
Deputy Chief
PATRICIA O'BEIRNE
KATHARINE F. TOWT
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE – Room 8.1108
Washington, DC 20530
Phone: 202-514-4713
Fax: 202-514-1116
E-mail: katie.towt@usdoj.gov