UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    v.                          )
                                )
                                )   CASE NO.: 21-250
                                )
HIDEAWAY VILLAGE                )
COMMUNITY MANAGEMENT            )
ASSOCIATION, RUSSELL COLLINS,   )
MIKE OAKLEY, and                )
NELLY OAKLEY,                   )
                                )
            Defendants.         )
_____)

## CONSENT ORDER

1. The United States initiated this lawsuit to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("the Fair Housing Act"), 42 U.S.C. § 3601 *et seq*. This action is brought pursuant to 42 U.S.C. §3612(o) on behalf of Complainants Bowden Atkins III and Jennifer Atkins.

2. Defendants Hideaway Village Community Management Association ("Association"), Association Board Member Russell Collins, Association Board Member Mike Oakley, and Nelly Oakley (collectively, "Defendants"), and other prior Association Board members, managed the amenities and common use areas of the Hideaway Village community and/or enforced the rules of the Hideaway Village community ("subject property"), including pool rules. Hideaway Village is a residential community located in Tallassee, Tennessee, in the Eastern District of Tennessee.

3. Defendant Association has managed the Hideaway Village community since at least 1997 and manages the pool and other amenities and common use areas in the Hideaway Village community.

4. Defendant Russell Collins is a member of the Association and at all times relevant to the allegations was a member of the Association's Board of Directors. Russell Collins is also a member of the TOWLA Board.

5. Defendant Mike Oakley is a member of the Association and at all times relevant to the allegations was a member of the Association's Board of Directors.

6. Defendant Nelly Oakley is a member of the Association and at all times relevant to the allegations was responsible for beautification on behalf of the Association.

7. The United States' complaint alleges that the Defendants violated the Fair Housing Act by discriminating on the basis of familial status by adopting, implementing and/or enforcing policies and practices that unjustifiably prohibited minors from using the Hideaway Village pool without adult supervision.

8. On August 29, 2018, the Atkinses timely filed a housing discrimination complaint with HUD on behalf of themselves and their minor children, alleging that the Association discriminated against them on the basis of familial status in violation of the Fair Housing Act.

9. The Secretary of HUD ("the Secretary") completed an investigation of the complaint. Following the investigation, on or about September 29, 2020, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination, charging Defendants Russell Collins, Mike Oakley, and Nelly Oakley with engaging in discriminatory practices on the basis of familial status in violation of the Fair Housing Act, specifically 42 U.S.C. §§ 3604(b) and (c).

10. On October 29, 2020, the Atkinses elected to have the Charge of Discrimination

resolved in a civil action filed in federal district court. The Secretary therefore authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o) of the Fair Housing Act.

11. On July 9, 2021, the United States filed this action to enforce the provisions of the Fair Housing Act.

12. The United States alleges that, through their conduct, the Defendants have:

   a. Discriminated in the terms, conditions, or privileges of sale of a dwelling[1] because of familial status, in violation of 42 U.S.C. § 3604(b); and

   b. Made, printed, or published, or caused to be made, printed, or published statements with respect to the sale of a dwelling that indicated a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

13. In order to avoid costly and protracted litigation, the parties have chosen to resolve this matter through a negotiated settlement. This Consent Order ("Order") resolves the United States' claims against the Defendants.

14. In addition to their obligations under this Consent Order at the time it is entered, should Defendants, their agents, successors, or assigns own, manage, operate, or list for sale or rental any dwelling other than those in the Hideaway Village community, or enforce the rules related to any service or facility in connection with any dwelling other than those in the Hideaway Village community, they must (1) notify counsel for the United States within 30 days of the date that they undertake any of these activities; and (2) comply with the full extent of the

---

[1] The term "dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

3

provisions set forth in Sections A-D and F of this Order.

Therefore, it is **ADJUDGED, ORDERED and DECREED** as follows:

**A.  General Injunction**

15. Defendants, their employees, operators, managers and agents whose duties, in whole or in part, involve the management, sale or rental of dwellings, or provision of services or facilities in connection with dwellings, are hereby enjoined from:

   a. Discriminating against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status; and

   b. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination.

**B.  Specific Injunctive Relief, Nondiscrimination Policy, and Hideaway Village Policies and Rules**

16. Defendant Association will immediately modify the existing pool rules to delete the current requirement that minors may not use the pool unless accompanied by a parent, and notify the United States that it has made this modification.

17. Defendant Association may adopt reasonable safety policies and rules requiring supervision of children. If it elects to adopt any such policies or rules, it must submit them to the United States at least 45 days prior to their proposed effective date for review and approval, which shall not be unreasonably withheld. The United States shall have 30 days following receipt of these policies to communicate any objections to counsel for Defendants. The parties

4

shall utilize the dispute resolution procedures set forth in Paragraph 35 to resolve any objections by the United States.

C.  **Notice of Nondiscriminatory Policies**

18.  Within 30 days of the entry of this Consent Order, Defendant Association shall distribute to all current residents at the subject property the Nondiscrimination Policy at Appendix A and the modified pool rules described in paragraph 16 above.

19.  During the term of this Consent Order, within 30 days after each new resident joins the Association, Defendant Association shall provide a copy of the Nondiscrimination Policy at Appendix A and the current pool rules to each such person.

20.  Within 30 days of the entry of this Consent Order, Defendant Association shall distribute the Nondiscrimination Policy at Appendix A, the current pool rules, and a copy of this Consent Order to all of its current employees, agents, and members of the Board of Directors, and anyone responsible for managing, maintaining, or operating any services or facilities provided in connection with membership in the Hideaway Village community.

21.  Within 60 days of the entry of this Consent Order, Defendant Association shall secure a signed statement from each employee, agent, current member of the Board of Directors, and anyone responsible for managing, maintaining, or operating any services or facilities provided in connection with membership in the Hideaway Village community, acknowledging that he or she has received, read, and understands the Consent Order, the Nondiscrimination Policy, and the current pool rules. The statement must include a provision that the employee has had an opportunity to have questions about these documents answered and agrees to abide by the relevant provisions of the Consent Order and the Nondiscrimination Policy. This statement shall be in the form of Appendix B.

22.     During the term of this Consent Order, within 30 days after each new employee, agent, member of the Board of Directors, and anyone responsible for managing, maintaining, or operating any services or facilities provided in connection with membership in the Hideaway Village community becomes involved with the Hideaway Village community, Defendant Association shall provide a copy of this Consent Order, the Nondiscrimination Policy at Appendix A, and the current pool rules to each such person and secure his or her signed acknowledgment in the form of Appendix B.

23.     Within 30 days of the entry of this Consent Order, Defendant Association shall post and prominently display in any management office a sign no smaller than 11 by 14 inches indicating that they comply with the nondiscrimination provisions of the Fair Housing Act. A poster that contains the same information as the poster available on HUD's website[2] will satisfy this requirement.

### D.     Training

24.     Within 30 days from the date of entry of this Consent Order, Defendants Russell Collins, Mike Oakley, and Nelly Oakley, and all employees, agents, current members of the Board of Directors, and anyone responsible for managing, maintaining, or operating any services or facilities provided in connection with membership in the Hideaway Village community shall attend in-person training delivered face-to-face or via video conferencing with synchronous instruction on the Fair Housing Act, with specific emphasis on discrimination on the basis of familial status. The training shall be conducted by an independent, qualified third party identified by Defendant Association and approved by the United States. Any expenses associated with this training shall be borne by Defendant Association. Each individual who

---

[2] https://www.hud.gov/program_offices/fair_housing_equal_opp/marketing

receives the training shall execute the Certification of Completion of Training, appearing at Appendix C. Defendant Association will send a copy of these certificates to counsel for the United States within 10 business days of the training.

25. During the term of this Consent Order, within 30 days after each new employee, agent, member of the Board of Directors, and anyone responsible for managing, maintaining, or operating any services or facilities provided in connection with membership in the Hideaway Village community becomes involved with the Hideaway Village community, they shall attend in-person training delivered face-to-face or via video conferencing with synchronous instruction on the Fair Housing Act, with specific emphasis on discrimination on the basis of familial status. The training shall be conducted by an independent, qualified third party identified by Defendant Association and approved by the United States. Any expenses associated with this training shall be borne by Defendant Association. Each individual who receives the training shall execute the Certification of Completion of Training, appearing at Appendix C. Defendant Association will send a copy of these certificates to counsel for the United States within 10 business days of the training.

E. **Monetary Damages to Complainants**

26. Within 15 days after the entry of this Order, Defendants shall pay damages of $10,000 for the claims brought by the complainants, by sending to counsel for the complaints a check payable to Bowden Atkins III & Jennifer Atkins. Counsel for the complainants will distribute the check described in this paragraph once each complainant has executed and returned to him a written release (in the form of Appendix D) of all claims, legal or equitable, that the payee might have against the Defendants. Thereafter, counsel for the complainants shall deliver the original, executed release to counsel for the Defendants.

7

## F. Reporting, Record Keeping and Monitoring

27. During the period in which this Consent Order is in effect, the Defendants shall notify counsel for the United States in writing within 30 days of receipt of any written or oral complaint against any Defendant in this action, or any of the Defendants' agents or employees, regarding familial status discrimination in housing.[3] If the complaint is written, the Defendants shall provide a copy of it with the notification. The Defendants shall also promptly provide to the United States all information it may request concerning any such complaint, including contact information for the person who made the complaint, and shall inform the United States within 30 days of any resolution of such complaint. The United States will investigate any such complaints and will confer with counsel for Defendants prior to taking any action pursuant to paragraph 34.

28. Within 90 days of the execution of this Consent Order and every 6 months thereafter for the duration on this Consent Order, Defendant Association shall certify to counsel for the United States that it is in compliance with the terms of this Consent Order, including all policy, notice, and training requirements.

29. The United States may take steps to monitor Defendants' compliance with this Consent Order, including conducting fair housing testing at the housing owned, operated, and/or managed by the Defendants.

## G. Scope, Duration, and Compliance with Consent Order

30. The provisions of this Consent Order shall apply to all Defendants, their

---

[3] All documents or other communications required by this Order to be sent to counsel for the United States shall be sent via overnight mail addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, DJ 175-62-409, 4 Constitution Square, 150 M Street NE – Room 8.111, Washington, DC 20002, or as otherwise directed by counsel for the United States.

8

employees, agents, successors and/or assigns, and all persons acting in active concert or participation with them.

31. This Consent Order is effective immediately upon its entry by the Court and shall remain in effect for two years from the date of its entry. The United States may move the Court to extend the period in which this Consent Order is in effect if the interests of justice so require to effectuate the rights and obligations arising from the Consent Order. The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time the case shall be dismissed with prejudice.

**H.** **Remedies for Non-Compliance, Time for Performance, and Modifications**

32. By agreeing to entry of this Consent Order, the United States and the Defendants agree that in the event any Defendant engages in any future violation(s) of the FHA, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii). This provision applies to any future violation, whether resolved voluntarily or through judicial proceedings.

33. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties. The other provisions of this Consent Order may be modified by written agreement of the parties or by motion to the Court. If the modification is by written agreement of the parties, then such modification will be effective upon filing of the written agreement with the Court and shall remain in effect for the duration of the Consent Order or until such time as the Court indicates through written order that it has not approved the modification.

34. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such

9

matters to the Court for resolution. In the event the United States contends that there has been a failure by a Defendant to perform in a timely manner any act required by this Consent Order or otherwise to comply with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may be occasioned by the violation or failure to perform.

### I. Effect on Litigation Holds

35. The parties agree that, as of the date of entry of this Consent Order, litigation is not reasonably foreseeable concerning the matters described herein. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in this Consent Order, the party is no longer required to maintain such a litigation hold.

### J. Costs of Litigation

36. Each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

IT IS SO ORDERED, this 15th day of Sept, 2021.

_____
United States District Judge

For the United States:

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division


 s/ Katharine F. Towt
SAMEENA SHINA MAJEED
Chief
TIMOTHY J. MORAN
Deputy Chief
KATHARINE F. TOWT
PATRICIA O'BEIRNE
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE – Room 8.1108
Washington, DC 20530
Phone: 202-514-4713
Fax: 202-514-1116
E-mail: katie.towt@usdoj.gov

For Defendants Association, Russell Collins, Mike Oakley, and Nelly Oakley:

        **KIZER & BLACK, ATTORNEYS, PLLC**

        s/ Melanie E. Davis
        MELANIE E. DAVIS BPR #017947
        217 E. Broadway Ave.
        Maryville, Tennessee 37804
        Telephone: (865) 980-1625
        Fax: (865) 980-1640
        Email: mdavis@kizerblack.com

# APPENDIX A

## Nondiscrimination Policy

It is the policy of the Hideaway Village Community Management Association to comply with Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act, by ensuring that homes and the services and facilities provided in connection with these homes are available to all persons without regard to race, color, religion, national origin, disability, familial status (having children under age 18), or sex. This policy means that, among other things, the managers of this community and all their agents and employees with the responsibility for selling any home or managing or administering any services in connection therewith must not discriminate in any aspect of the sale or use of homes. Specifically, they may not:

A. Discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, national origin, disability, familial status, or sex;

B. Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling or in the provision of services or facilities in connection therewith that indicates any preference, limitation, or discrimination based on race, color, religion, national origin, disability, familial status, or sex;

C. Coerce intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act.

Any action taken by an agent or employee that results in unequal service to, treatment of, or behavior toward residents or potential residents on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws.

Any resident or potential resident who believes that any of the above policies have been violated by any manager, agent, or employee may contact the U.S. Department of Housing and Urban Development at 1-888-799-2085, or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

## APPENDIX B

### Acknowledgment of Receipt of Consent Order and Nondiscrimination Policy

I have received a copy of the Consent Order entered in *United States v. Hideaway Village Community Management Association, et al.,* including a copy of the Nondiscrimination Policy and the Pool Rules. I have read and understand these documents and have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title/Position

_____
Date

## APPENDIX C

### Certification of Completion of Training

On _____, I completed an in-person training on the requirements of the federal Fair Housing Act, 42 U.S.C. §§ 3601-3631, including the prohibition against discrimination based on familial status, in compliance with the Consent Order entered by the United States District Court for the Eastern District of Tennessee in *United States v. Hideaway Village Community Management Association, et al.*

_____
Signature

_____
Print name

_____
Job Title/Position

_____
Date

## APPENDIX D

### Release

In consideration of the payment of the sum of $10,000, pursuant to the Consent Order entered in *United States v. Hideaway Village Community Management Association, et al.,* (E.D. Tenn.), I, _____, hereby fully release and forever discharge Defendants named in this lawsuit, as well as their agents, employees, representatives, successors, and assigns, from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in this action as of the date of the entry of the Consent Order or otherwise existing as of the date of this Release. I also agree that within 30 days of the signing of this Release, I will move to dismiss with prejudice the state court case filed against the Defendants. I fully acknowledge and agree that this release shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Executed this ____ day of _____, 2021.

_____
Signature

_____
Printed Name